IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MODE TRANSPORTATION,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4157-L** |
| | § | |
| **PIEDMONT LOGISTICS, INC. d/b/a** | § | |
| **CLARITY TRANSPORTATION;** | § | |
| **JEFFREY LINVILLE; AND** | § | |
| **JOHN L. RIDDLE,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment Against Defendant Piedmont Logistics, Inc. d/b/a Clarity Transportation (Doc. 12), filed February 25, 2014, pursuant to this court's February 6, 2014 order. After consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment Against Defendant Piedmont Logistics, Inc. d/b/a Clarity Transportation (Doc. 12).

**I.    Background**

Plaintiff Mode Transportation ("Mode" or "Plaintiff") brought this action against Defendants Piedmont Logistics, Inc. d/b/a Clarity Transportation ("Piedmont"), Jeffrey Linville ("Linville"), and John L. Riddle ("Riddle") (collectively, "Defendants") on October 15, 2013, asserting claims for breaches of various contracts entered into in 2011 and 2012, conversion, unjust enrichment, and money had and received. Mode is a transportation management company that provides domestic and international transportation management services for companies shipping goods by rail, motor, air,

**Memorandum Opinion and Order– Page 1**

and water, pursuant to licenses and authorizations issued to it by various federal government agencies. Mode markets and administers its transportation management services through a network of agents referred to as Independent Business Owners ("IBOs"). These IBOs market Mode's transportation management services for it, pursuant to agency contracts entered into between Mode and the individual IBO. IBOs also perform administrative and operational services on behalf of Mode related to the transportation management services. Defendants operated collectively as an IBO for Mode pursuant to a May 9, 2011 Operations Independent Business Owner Agreement ("IBO Agreement"), as amended. Linville and Riddle are the sole owners and managers of Clarity. Defendants provided services to Mode pursuant to the IBO Agreement, including invoicing customers and assisting Mode in the collection of freight charges.

On September 2, 2011, Defendants jointly and severally entered into a Promissory Note with Mode in which they agreed to pay Mode the sum of $100,000, together with interest at an annual rate of 8.5 percent compounded weekly. Mode loaned Defendants the money under the Promissory Note to assist them in performing their agent services under the IBO Agreement. Pursuant to the Promissory Note, Defendants agreed that they would make fifty-two weekly payments to Mode. The Promissory Note included a due date of November 1, 2012, and provided that it would become immediately due and payable if an event of default occurred.

Pursuant to the IBO Agreement and a subsequent January 2012 agreement between Mode and Defendants, Mode paid motor carriers to transport United States Postal Service ("USPS") shipments pursuant to USPS Contract No. 751 VE and paid Defendants commissions for the shipments that they handled under USPS Contract No. 751VE. Mode alleges that Defendants

violated these agreements with Mode by failing to forward to Mode all moneys they have received from USPS and retaining $314,129.85.

On December 9, 2011, Linville executed USPS contract 336 RC as a Mode IBO Owner, and listed Mode Transportation as the contracting party. In accordance with the IBO Agreement, Defendants submitted Mode invoices to USPS for shipments handled under Contract No. 336 RC, and USPS issued payment of these invoices directly to Mode. On January 12, 2012, the USPS offset the full amount of two invoices from its payment to Mode because the invoices were invalid. Mode demanded return of the $45,577.84 in commissions paid to Defendants. Modes alleges that Defendants have refused to return the commissions.

Mode contends that Defendants breached the aforementioned contracts by not paying Mode certain freight charges that Defendants collected from customers and retained; retaining commissions paid by Mode that were based on invalid customer invoices and not paid by the customer; and failing to pay amounts due under the Promissory Note. Mode brought this lawsuit to collect from Defendants the outstanding sums alleged to be owed to Mode under the various contracts.

Piedmont was served with a summons and the Complaint in this action on October 28, 2013. (Doc. 8). To date, Linville and Riddle have filed answers,[1] but Piedmont has not filed an answer to the Complaint or otherwise defended in this lawsuit. Mode requested the clerk to issue entry of default on January 10, 2014, and default was entered by the clerk on same day. Mode now requests entry of default judgment against Piedmont in the total amount of $449,820.47, which includes $90,112.78 for amounts due under the Promissory Note; $314,129.85 for payments that were received by Piedmont and not forwarded to Mode in accordance with USPS Contract No. 751 VE;

---

[1] Riddle filed a Suggestion of Bankruptcy notice on March 14, 2014 (Doc. 13).

**Memorandum Opinion and Order– Page 3**

and $45,577.84 for USPS Contract No. 336 RC commission payments. In addition, Mode requests postjudgment interest, reasonable attorney's fees, and costs.

## II. Analysis

The court finds that because Piedmont has neither filed an answer to Plaintiff's Complaint nor otherwise defended in this lawsuit, and because Piedmont is not and infant, incompetent, or in the military (Doc. 9), Plaintiff is entitled to judgment against Piedmont. The court, therefore, accepts as true the well-pleaded allegations stated by Mode in its Complaint and the facts set forth in the evidence in support of Plaintiff's Motion for Default Judgment.

### A. Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2d Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). In its Motion, Mode asks the court to award $449,820.47 in damages for amounts owed under its contracts with Defendants. The court determines, based on Mode's pleadings and the evidence submitted in support of its Motion, that it entered into valid contracts with Defendants, of which Piedmont was either a party or directly benefited as a result of receiving payments from Mode pursuant to those contracts, that Piedmont breached the contracts by failing to perform as promised or was unjustly enriched, and Mode suffered damages as a result. Piedmont is therefore liable for breach of contract and unjust enrichment, and the court finds that the amount of $449,820.47 requested by Mode is supported by the evidence. Accordingly, Mode is entitled to a total amount of **$449,820.47** in damages.

B.    **Attorney's Fees and Costs**

The issue of attorney's fees and costs is not addressed in Plaintiff's Motion for Default Judgment. Accordingly, the court will decide this issue postjudgment.

**III.   Conclusion**

For the reasons herein stated, the court **grants** Plaintiff's Motion for Default Judgment Against Defendant Piedmont Logistics, Inc. d/b/a Clarity Transportation (Doc. 12) and will enter a default judgment in favor of Mode against Piedmont in the amount of **$449,820.47** in damages; and postjudgment interest on the total amount of damages **($449,820.47)** at the applicable federal rate of **.11 percent** from the date of entry of this judgment.[2] Mode requested no prejudgment interest, and the court awards none. The court will address the issue of attorney's fees postjudgment. Any request for attorney's fees must be filed in accordance with Federal Rule of Civil Procedure 54(d)(2). In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document. The court expressly **determines** that there is no reason to delay the entry of judgment and **directs** the clerk of the court to enter the default judgment against Piedmont as a final judgment.

Further, in light of the court's entry of judgment against Piedmont for what appears to be the total amount alleged to be owed against all Defendants and Riddle's suggestion of bankruptcy, Plaintiff is **directed** to notify the court in writing by **July 29, 2014**, whether it intends to proceed

---

[2] Plaintiff requests postjudgment interest at an annual rate of 8.5 percent compounded weekly on the $90,112.78 award pursuant to the terms of the Promissory Note and postjudgment interest on the remaining sum of $359,707.69 at the applicable federal rate; however, the 8.5 percent interest referenced in the Promissory Note does not apply to postjudgment interest. It instead pertains to interest that accrues under the Note on the principal regardless of default. Further, Plaintiff's calculation of amount due under the Note ($90,112.78) includes principal and interest. Accordingly, the court will apply the applicable federal postjudgment rate to the full amount of damages.

**Memorandum Opinion and Order– Page 5**

with its claims against Riddle and Linville.  If Plaintiff does not intend to proceed with its claims against Riddle and Linville in this case, except with respect to the issue of attorney's fees and costs, it is directed to file a stipulation or motion for dismissal of this action by **August 15, 2014.**

    **It is so ordered** this 15th day of July, 2014.

                                                       Sam A. Lindsay
                                                       United States District Judge